UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD REED,<br><br>         Plaintiff,<br><br>   v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>         Defendant. | Case No. 25-cv-04030-JST<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 14 |

Before the Court is Defendant Deutsche Bank National Trust Company's motion to dismiss. ECF No. 14. The Court will grant the motion.

## I.    BACKGROUND

For the purpose of deciding this motion, the Court accepts as true the factual allegations in the complaint, ECF No. 1. Plaintiff Richard Reed filed this action on May 8, 2025, alleging "an egregious, prolonged, and concealed fraudulent scheme orchestrated by Defendants Deutsche Bank . . . and associated agents, who unlawfully deprived Plaintiff Richard Reed of his property through a wrongful foreclosure." *Id.* at 1–2. On or about October 17, 2006, Reed obtained a mortgage loan through Kay-Co Investments. *Id.* at 3. Unbeknownst to Reed, the load was securitized and transferred into a securitized trust. *Id.* Deutsche Bank transferred the loan to itself via a fraudulent Assignment of Deed of Trust, then initiated foreclosure proceedings and conducted a foreclosure sale. *Id.* at 3–4. "Only after commissioning a forensic mortgage audit in 2023–2024 was [Reed] able to uncover for the first time that: [t]he loan had been securitized years earlier [and] [t]he Assignment to Deutsche Bank was fabricated." *Id.*

Reed asserts claims for: (1) violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962; (2) fraudulent misrepresentation and concealment;

1    (3) violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq*; (4) violation of the

2    Securities Exchange Act, 15 U.S.C. § 78j(b); (5) unjust enrichment; (6) civil conspiracy; (7)

3    violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*; (8) breach

4    of the covenant of good faith and fair dealing; (9) violation of the Fifth and Fourteenth

5    Amendments Due Process and Takings Clauses; (10) declaratory relief under 28 U.S.C. § 2201;

6    and (11) injunctive relief.

7        On June 9, 2025, Deutsche Bank moved to dismiss.  ECF No. 14.  Reed opposes the

8    motion, ECF No. 19, and Deutsche Bank has filed a reply, ECF No. 22.  The Court took this

9    matter under submission without a hearing on August 25, 2025.  ECF No. 35.

10   **II.    LEGAL STANDARD**

11       **A.    Rule 12(b)(1)**

12       "If the court determines at any time that it lacks subject-matter jurisdiction, the court must

13   dismiss the action."  Fed. R. Civ. P. 12(h)(3).  A defendant may raise the defense of lack of subject

14   matter jurisdiction by motion pursuant to Federal Rule of Civil Procedure 12(b)(1).  The party

15   asserting subject matter jurisdiction bears the burden of establishing it.  *Kokkonen v. Guardian*

16   *Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

17       **B.    Rule 12(b)(6)**

18       To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a

19   complaint must contain "a short and plain statement of the claim showing that the pleader is

20   entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Dismissal "is appropriate only where the complaint

21   lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."

22   *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  "[A] complaint

23   must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

24   on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

25   U.S. 544, 570 (2007)).  Factual allegations need not be detailed, but the facts must be "enough to

26   raise a right to relief above the speculative level."  *Twombly*, 558 U.S. at 555.

27       "A claim has facial plausibility when the plaintiff pleads factual content that allows the

28   court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

United States District Court
Northern District of California

1    *Ashcroft*, 556 U.S. at 678.  While this standard is not "akin to a 'probability requirement' . . . it

2    asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting

3    *Twombly*, 555 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a

4    defendant's liability, it 'stops shorts of the line between possibility and plausibility of entitlement

5    to relief.'" *Id.* (quoting *Twombly*, 558 U.S. at 557).

6        In determining whether a plaintiff has met the plausibility requirement, a court must

7    "accept all factual allegations in the complaint as true and construe the pleadings in the light most

8    favorable" to the plaintiff.  *Knievel v. ESPN*, 393 F.3d at 1072.

9    **III.    REQUEST FOR JUDICIAL NOTICE**

10        "As a general rule, [the Court] may not consider any material beyond the pleadings in

11   ruling on a Rule 12(b)(6) motion." *United States v. Corinthian Colls.*, 655 F.3d 984, 998–99 (9th

12   Cir. 2011) (internal quotation marks and citations omitted).  However, "[t]he [C]ourt may

13   judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known

14   within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from

15   sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  The Court

16   "must take judicial notice if a party requests it and the court is supplied with the necessary

17   information." Fed. R. Evid. 201(c).

18        Deutsche Bank requests that the Court take judicial notice of three documents.  Reed does

19   not respond to the request.  The first document is a Trustee's Deed Upon Sale, instrument number

20   2010182113, recorded on or about June 30, 2010, with the Alameda County Recorder's Office.

21   ECF No. 12-1 at 2–5.  Courts regularly take judicial notice of deeds of trust and similar public

22   records.  *See Grant v. Aurora Loan Servs., Inc.*, 736 F. Supp. 2d 1257, 1263 (C.D. Cal. 2010)

23   (collecting cases).  Accordingly, the Court grants the request.

24        Deutsche Bank also asks the Court to take judicial notice of two documents filed in

25   Alameda County Superior Court, Case No. 24CV089754: the First Amended Complaint filed on

26   January 6, 2025, ECF No. 12-1 at 7–23, and the Judgment of Dismissal entered on May 22, 2025,

27   ECF No. 12-1 at 25–26.  The Court may take judicial notice of court filings such as these.  *Reyn's*

28   *Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *see also Bias v.*

United States District Court
Northern District of California

1    *Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (providing that a court "may take notice of

2    proceedings in other courts . . . if those proceedings have a direct relation to matters at issue").

3    Accordingly, the Court grants the request and takes judicial notice of the documents.

4    **IV.    DISCUSSION**

5         Deutsche Bank argues that Reed's claims are barred by the doctrine of res judicata, fall

6    outside the applicable statutes of limitations, and are insufficiently supported by factual

7    allegations.  The Court concludes that res judicata bars Reed's claims and that his claims must

8    therefore be dismissed with prejudice.

9         **A.    Res Judicata**

10        Reed filed a lawsuit against Deutsche Bank in the Superior Court of California, County of

11   Alameda that was dismissed in March 2025.  ECF No. 12-1 at 25–26.  Deutsche Bank contends

12   that res judicata thus bars Reed's claims.  ECF No. 14 at 4.

13        "Public policy and the interest of litigants alike require that there be an end to litigation."

14   *Hatchitt v. U.S.*, 158 F.2d 754, 757 (9th Cir. 1946).  Res judicata, or "claim preclusion,"

15   effectuates this need by preventing a plaintiff from relitigating the same cause of action against the

16   same parties.  Under the doctrine of res judicata, "a final judgment on the merits bars further

17   claims by parties or their privies based on the same cause of action."  *Headwaters Inc. v. U.S.

18   Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005) (quoting *In re Schimmels*, 127 F.3d 875, 881

19   (9th Cir. 1997)).  When determining whether a judgment by a California court has a res judicata

20   effect, the Full Faith and Credit Act requires a federal court to apply the res judicata law of

21   California to that judgment.  *See Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988)

22   (holding that the Full Faith and Credit Act "requires federal courts to apply the res judicata rules

23   of a particular state to judgments issued by courts of that state").

24        In California, "[c]laim preclusion arises if a second suit involves: (1) the same cause of

25   action (2) between the same parties (3) after a final judgment on the merits in the first suit."  *DKN

26   Holdings LLC v. Faerber*, 61 Cal. 4th 813, 824 (2015). "If claim preclusion is established, it

27   operates to bar relitigation of the claim altogether."  *Id.*

28

United States District Court
Northern District of California

United States District Court
Northern District of California

### 1.    Identical Claims

In determining whether a claim or issue is the same, California courts look to the primary rights theory, in which "the violation of a single primary right gives rise to but a single cause of action." *San Diego Police Officers' Ass'n v. San Diego City Employees' Retirement*, 568 F.3d 725, 734 (9th Cir. 2009) (citation and internal quotation marks omitted).  "What is critical to the [primary rights] analysis is the harm suffered; that the same facts are involved in both suits is not conclusive." *Id.* (citation and internal quotation marks omitted).  Under the primary rights theory, claim preclusion will apply regardless of whether a particular cause of action was actually litigated, so long as the party against whom claim preclusion is asserted "had the opportunity" to litigate the claim in the prior action.  *Weikel v. TCW Realty Fund II Holding Co.*, 55 Cal. App. 4th 1234, 1245 (1997).

Here, all claims involve the violation of the same primary right that was litigated in the state court action: the right to be free from an unlawful foreclosure.  Both complaints are premised on the notion that Deutsche Bank lacked the legal authority to foreclose on the property because the instruments based on which the foreclosure was executed were invalid.  ECF No. 1-1 at 1–2; ECF No. 12-1 at 8–9.  For that reason, Reed had the opportunity to assert in the state court action the same claims he has asserted here.  *See Carollo v. Vericrest Fin., Inc.*, Case No. 11-cv-4767 YGR, 2012 WL 4343816, at *5 (N.D. Cal. Sept. 21, 2012) (holding that first element of the res judicata test was satisfied in an action for claims arising out of a foreclosure because the right "not to be wrongfully foreclosed upon" was the primary right at issue both in that action and the prior action).

Reed argues that "res judicata does not apply because the federal claims differ from those in the state action" and "involve distinct legal theories and remedies . . . that were not available in the state action."  ECF No. 19 at 2.  But when a court issues a prior final judgment on the merits, it "not only settles issues that were not actually litigated but also every issue that might have been raised and litigated in the first action.  It also precludes litigation of the same cause of action on a different legal theory or for different relief."  *Mattson v. City of Costa Mesa*, 106 Cal. App. 3d 441, 446 (1980) (internal citations omitted).  "[N]umerous cases hold that when there is only one

1    primary right an adverse judgment in the first suit is a bar even though the second suit is based on

2    a different theory or seeks a different remedy." *Crowley v. Katleman*, 8 Cal. 4th 666, 682 (1994)

3    (citations omitted).

4        Accordingly, the first element is satisfied.

5            **2.    Privity**

6        Res judicata applies "to the relitigation of the same cause of action *between the same*

7    *parties* or those in privity with them." *DKN Holdings LLC*, 61 Cal. 4th at 825 (emphasis in

8    original). Here, the privity requirement is satisfied because the actions involved the same parties,

9    since Reed sued Deutsche Bank in both the state court action and the instant action. ECF No. 1-1

10    at 1; ECF No. 12-1 at 7.

11            **3.    Final Judgment**

12        The third element requires a showing that the prior case was finally decided on the merits.

13    *DKN Holdings LLC*, 61 Cal. 4th at 824 (2015). On March 4, 2025, in Reed's state court action,

14    the court sustained Deutsche Bank's demurrer without leave to amend and dismissed the action

15    with prejudice. ECF No. 12-2 at 25–26. "Dismissal with prejudice is determinative of the issues

16    in the action" and constitutes a final judgment on the merits, precluding the litigation of those

17    issues again. *Fed. Home Loan Bank of S.F. v. Countrywide Fin. Corp.*, 214 Cal. App. 4th 1520,

18    1527 (2013) (citations and internal quotation marks omitted). The third element is accordingly

19    satisfied.

20       **B.    Leave to Amend**

21        After a court grants a motion to dismiss, it must then determine whether to grant leave to

22    amend. Leave to amend "shall be freely given when justice so requires" and should be granted

23    even absent an explicit request. Fed. R. Civ. P. 15(a); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th

24    Cir. 2000) (en banc). "Of course, the grant or denial of an opportunity to amend is within the

25    discretion of the [d]istrict [c]ourt." *Forman v. Davis*, 371 U.S. 178, 182 (1962). Proper reasons

26    for denying leave to amend, include "undue delay, bad faith or dilatory motive on the part of the

27    movant, ... [and] futility of amendment." *Id.*

28        Because Reed's claims are barred by claim preclusion, the Court finds that amendment

United States District Court
Northern District of California

1    would be futile and grants the motion to dismiss with prejudice.  *See, e.g., Factory Direct*

2    *Wholesale, LLC v. iTouchless Housewares & Prods., Inc.*, 411 F. Supp. 3d 905, 918 (N.D. Cal.

3    2019) (dismissing a claim barred by claim preclusion with prejudice because amendment would be

4    futile); *Herrera v. Countrywide KB Home Loans*, No. 5:11-cv-03591-LHK, 2012 WL 901340, at

5    *5 (N.D. Cal. March 15, 2012) (same).

6                                            **CONCLUSION**

7            For the foregoing reasons, the Court grants Deutsche Bank's motion to dismiss.[1]  The

8    action is dismissed with prejudice.  The Clerk shall enter judgment and close the file.

9            **IT IS SO ORDERED.**

10   Dated:  October 27, 2025

11

12                                                    _____
                                                              JON S. TIGAR
                                                       United States District Judge

---

[1] In light of this conclusion, the Court declines to address Deutsche Bank's remaining arguments.

7